COMMISSIONER OF INTERNAL REVE-
NUE v. MNOOKIN'S ESTATE.

No. 14102.

United States Court of Appeals
Eighth Circuit.

Aug. 23, 1950.

Francis W. Sams, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General; and Ellis N. Slack and Robert N. Anderson, Special Assistants to the Attorney General, on the brief), for petitioner.

John H. McEvers, Kansas City, Mo. (Reece A. Gardner and G. Lee Burns, and Stinson, Mag, Thomson, McEvers & Fizzell all of Kansas City, Mo., on the brief), for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This proceeding for review of a decision of the Tax Court of the United States involves the income and victory tax liability of a decedent, Samuel Mnookin, for the taxable period January 1, 1943, to December 1, 1943. Because of the Current Tax Payment Act of 1943, 26 U.S.C.A.Int. Rev. Acts, page 385 et seq., the computation of decedent's tax liability involves income for the years 1942 and 1943. The Commissioner determined a deficiency in the amount of $54,974.38. · In a proceeding before the Tax Court the respondent, executrix of the estate of Samuel Mnookin, not only challenged the Commissioner's determination of the deficiency·in decedent's tax liability, but also claimed an overpayment in the sum of $12,532.15.

The questions at issue in the Tax Court were:

1. Whether the Commissioner, in determining Samuel Mnookin's income tax for 1942 on the accrual basis, properly accrued the credit sales for prior years of $103,456.73 which were evidenced by accounts receivable as of January 1, 1942, and which were never previously reflected in taxable income, Mnookin having in his returns for prior years reported income from credit sales on a cash basis although otherwise reporting income and keeping his books on the accrual basis; and

2. Whether the Commissioner properly included in Mnookin's taxable income for the period January 1, 1943, to December 1, 1943, his allocable share of partnership profits for the period June 1, 1943, to December 1, 1943, Mnookin, who died December 1, 1943, having been a member of a partnership with a fiscal year ending May 31.

The Tax Court answered both questions in the negative and, in accordance with the agreed computation filed by the parties, entered its decision in favor of respondent for an overpayment of $12,541.36 for the tax period in question. The Commissioner brings the case here for review, contending that as to each issue the Tax Court reached the wrong result. We agree with the Tax Court.

The facts are undisputed. Respondent is the widow and executrix of the estate of Samuel Mnookin who died December 1, 1943. For more than twenty years prior to June 23, 1942, Samuel Mnookin had operated, as sole proprietor, a retail clothing and jewelry business under the name of Fashion Credit Clothing & Jewelry Company. On June 23, 1942, Mnookin conveyed to his son a one-third interest in the business, and on the same day entered into a written partnership agreement with his son for the operation of the business. In its original form the agreement provided that the partnership should continue unless terminated prior thereto for a period of 25 years; that it would operate on the basis of a calendar year; that on the last day of each year an account was to be taken of the transactions of the partnership for the preceding year, and that the profits from · the business as determined by the accounting should be credited on the books of the partnership to the partners in the proportion specified in the partnership agreement, and should thereafter be subject to withdrawal at the pleasure of the partners.

On September 28, 1942, the partners amended the partnership agreement by providing that on the death of a partner neither the partnership nor the interest of the de-

ceased partner should terminate, but that the surviving partner should carry on the business of the partnership until the interest of the deceased partner was distributed to his heirs, legatees, or trust beneficiaries.

Until the death of Samuel Mnookin the partnership operated its business pursuant to the partnership agreement as amended, continuing the name of Fashion Credit Clothing & Jewelry Company. From the death of Samuel Mnookin on December 1, 1943, until May 31, 1944, the surviving partner continued to carry on the business of the partnership without interruption and without change of the manner of keeping the books or time or basis for filing partnership returns. There was no distribution of the estate of Samuel Mnookin until March 15, 1945. As of the date of his death Samuel Mnookin had made withdrawals of partnership funds which were charged to his account in the amount of $25,514.14.

Samuel Mnookin had opened a regular set of books for his business as sole proprietor of the Fashion Credit Clothing & Jewelry Company on April 15, 1920. From that date until May 31, 1944, the books of the business were kept on the accrual method of accounting. During his lifetime Samuel Mnookin kept his books and filed his income tax returns on the basis of the calendar year. But prior to May 31, 1943, the partnership determined to keep its books and make the partnership returns of income on the basis of a fiscal year ending May 31, and for that fiscal year and thereafter, the partnership books were kept in this manner.

The income tax returns of Samuel Mnookin for the calendar years 1919 to 1941, inclusive, reported the income from his business on the accrual basis, except that in such returns receipts from credit sales were reported on the cash basis. Substantial portions of the gross sales of the business from 1919 to December 31, 1941, and from January 1, 1942, to May 31, 1944, were made on a credit basis, and the amount of such credit sales was always entered on the books as accrued income. The income tax return for Samuel Mnookin for the calendar year 1942 reported the income from the business for the period January 1, 1942,

to June 23, 1942, the date of the formation of the partnership; and the partnership returns of the Fashion Credit Clothing & Jewelry Company for the fiscal years ended May 31, 1943, and May 31, 1944, reported the income from the business for the periods June 24, 1942, to May 31, 1943, and June 1, 1943, to May 31, 1944. On each of these returns income was reported on the accrual basis, except that receipts from credit sales were reported on the cash receipts basis. Opening and closing inventories were used as factors in determining the gross profits derived from the business while operated by Samuel Mnookin as sole proprietor, as well as under the operation of the partnership. Nevertheless, all the returns of the partnership, as well as the returns of Samuel Mnookin, showed that they were filed on the cash basis.

The Commissioner and respondent on December 23, 1946, entered into an agreement extending the time to June 30, 1948, within which the Commissioner could make assessment against respondent as executrix of the estate of Samuel Mnookin for the taxable period involved in this proceeding. The Commissioner notified respondent of his determination of a deficiency in Samuel Mnookin's income tax for the taxable period in question on November 13, 1947. At the time of the Commissioner's investigation of Samuel Mnookin's return for 1942 and respondent's return as executrix for 1943, the statute of limitations on assessment and collection of income tax deficiencies against Samuel Mnookin for the year 1941 and prior years had expired.

At various times during the operation of the business by Samuel Mnookin as sole proprietor his returns had been audited by agents of the revenue department. His return for the calendar year 1941 had been so examined and the return accepted.

The Commissioner determined that Samuel Mnookin during the period of his operation of the business as sole proprietor had correctly kept his books on the accrual basis, and that the books as kept correctly reflected his taxable income, but that he had erroneously reported income on a hybrid basis in showing in his returns receipts from credit sales on the cash receipts

92

basis while accruing such receipts as income in his books. The Commissioner determined that the business income should have been reported on the accrual basis as reflected by the books of the business, and that credit sales of $103,456.73, evidenced by accounts receivable as of January 1, 1942, none of which had previously been reported as taxable income, should be added to the net business profit computed for the period of January 1 to June 23, 1942. The Commissioner also determined that the net profit of the partnership for the fiscal year ended May 31, 1943, was reflected in the books of the partnership on the accrual basis, and was incorrectly reported in the hybrid system shown by the partnership return. He also determined that the death of Samuel Mnookin terminated the partnership, so that respondent was required to accrue and include in the income tax return for Samuel Mnookin for the period January 1 to December 1, 1943, the sum of $6,436.34, which the Commissioner determined to be Mnookin's allocable share of the partnership profit from June 1 to December 1, 1943. The result of these determinations was the assessment of the deficiency in the amount stated above.

█ 1. Following its decision in Greene Motor Company, 5 T.C. 314, the Tax Court ruled that the Commissioner erroneously included in Samuel Mnookin's income for 1942, $103,456.73 representing credit sales which accrued and were shown on Mnookin's books in prior years. Sections 41 and 42[1] of the Internal Revenue Code, 26 U. S.C.A. §§ 41, 42, and the Treasury Regulation pursuant thereto (§ 29.41-1, Regulations 111)[2] require that a taxpayer's net income must be computed on the basis of his annual accounting period which, in the case of decedent, was the calendar year; that if the method of accounting regularly employed by the taxpayer clearly reflects his income, as is conceded here, his income must be computed in accordance therewith. The taxpayer's method of accounting will control the time as of which income must be reported and deductions allowed. The courts hold that neither income nor deductions may be taken out of the proper accounting period for the benefit of the Government or the taxpayer. Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 285, 287, 64 S.Ct. 596, 88 L.Ed. 725; Ross v. Commissioner, 1 Cir., 169 F.2d 483, 492, 7 A.L.R.2d 719.

█ In this case there is no suggestion of fraud on the part of Mnookin. All that the evidence shows is mistake in the interpretation of the income tax law. In the years prior to 1942 Mnookin's books were kept on the accrual basis. As so kept they correctly reflected his income for those years. The Commissioner having failed to assert the Government's claims for deficiencies for the years prior to 1942

1. "§ 41. General rule
"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *
"§ 42. Period in which items of gross income included
"(a) General rule. The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts (except amounts includible in computing a partner's net income under section 182) accrued only by reason of the death of the taxpayer shall not be included in computing net income for the period in which falls the date of the taxpayer's death."

2. Sec. 29.41-1. Computation of net income. Net income must be computed with respect to a fixed period. Usually that period is 12 months and is known as the taxable year. * * * If the method of accounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which items of gross income and deductions are to be accounted for. * * *

may not circumvent the statute of limitations barring the Government's claims simply because otherwise the income of Mnookin for years prior to 1942 will escape taxation. Ross v. Commissioner, supra; Countway v. Commissioner, 1 Cir., 127 F. 2d 69, 76. The discretion which the Commissioner has under section 41 of the Code to make such computations as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes. Clifton Manufacturing Co. v. Commissioner, 4 Cir., 137 F.2d 290, 293, 150 A.L.R. 749.

In the years prior to 1942 neither Samuel Mnookin nor the Commissioner had any choice as to the method of reporting taxpayer's income tax required by law. For that reason neither the doctrine of election nor of estoppel is applicable on the facts in this case to sustain the Commissioner's determination. Ross v. Commissioner, supra, 169 F.2d at page 493.

The cases relied on by the Commissioner (William Hardy, Inc., v. Commissioner, 2 Cir., 82 F.2d 249; Schuman Carriage Co. v. Commissioner, 43 B.T.A. 880; Carver v. Commissioner, 10 T.C. 171, affirmed per curiam 6 Cir., 173 F.2d 29) are, as the Tax Court points out, distinguishable on the facts from the present case in that in the present case the taxpayer's books were at all times kept on the proper basis and no changes in his method of accounting ever occurred or were required, and on the further ground that in these cases the statute of limitations was not involved. See Ross v. Commissioner, supra, 169 F.2d at page 489.

■ 2. Following the decision of the Fifth Circuit in Henderson's Estate v. Commissioner, 155 F.2d 310, 164 A.L.R. 1030, the Tax Court held that the Mnookin partnership did not end with the death of Samuel Mnookin on December 1, 1943, and for that reason the partnership gain for the period June 1 to December 1, 1943, was not includible in decedent's income tax return for the period January 1 to December 1, 1943. Since the submission of this case the Third Circuit has reached the same conclusion in Girard Trust Company v. United States, 182 F.2d 921, reversing the United States District Court for the Eastern District of Pennsylvania, 86 F.Supp. 816, a decision relied on by the Commissioner in this case. Conceding that the death of a partner ordinarily dissolves a partnership, the Tax Court pointed out that in Missouri, where the Mnookin partnership was created and engaged in business, the rule is otherwise where the partnership agreement clearly manifests the intention that the partnership continue and not terminate upon the death of a partner. Edwards v. Thomas, 66 Mo. 468, 481; Hidden v. Edwards, 313 Mo. 642, 285 S.W. 462. It concluded that under the applicable sections of the Internal Revenue Code[3] the

3. "§ 126. Income in respect of decedents
"(a) *Inclusion in gross income.*
"(1) *General rule.* The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:
"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;
"(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the

decedent's estate from the decedent * * *.
"§ 181. Partnership not taxable
"Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.
"§ 182. Tax of partners
"In computing the net income of each partner, he shall include, whether or not distribution is made to him—
* * * * * *
"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership * * *."
"§ 188. Different taxable years of partner and partnership
"If the taxable year of a partner is different from that of the partnership,

Commissioner was without power to include in Samuel Mnookin's income for the period in question the amount determined by the Commissioner to be his allocable share of partnership income for the period June 1, 1943, to December 1, 1943. The Henderson's Estate and Girard Trust Company cases, supra, clearly support the conclusion reached by the Tax Court.

The decision of the Tax Court is affirmed.

the inclusions with respect to the net income * * * of the partner for his taxable year, shall be based upon the net income of the partnership for any taxable year of the partnership (whether beginning on, before, or after January 1, 1939) ending within or with the taxable year of the partner." 26 U.S.C.A. §§ 126, 181, 182, 188.