## WELP v. UNITED STATES.
### No. 14617.

United States Court of Appeals
Eighth Circuit.
Jan. 16, 1953.

It prospered and grew. Through the succeeding years he added to his business operations a chicken hatchery, a hennery, a feed mill and a farm. He kept accurate books of his operations—always on the cash basis—deducting the purchase cost of grain and feed and raw materials for processing bought each year from total cash receipts for that year and reporting the resulting figure, less operating expenses, as his income for tax purposes. On a number of occasions prior to 1946 his books were checked by revenue agents without objection to his practice of keeping them on the cash basis. As the business grew the purchase of materials and supplies and their conversion into the products sold became of more and more comparative magnitude and importance. His business was seasonal. His practice was to stock up with feed and other supplies in the fall and early winter each year for use during the next calendar year. The result naturally was that he would have on hand at the beginning of each calendar (tax) year a substantial inventory of such supplies—purchased during the preceding year or years, paid for out of prior gross money receipts, and the cost thereof deducted from gross money receipts in calculating income for tax purposes for those prior periods. Sometime subsequent to 1946 when appellant's books were examined by a tax agent for the year 1946, at appellant's request, for purposes not now material, the agent determined that his method of keeping his books on a cash basis did not properly reflect his income for 1946. In March, 1950, appellant received a copy of the Internal Revenue agent's report of his examination of the 1946 income tax return in which the agent had calculated the income for 1946 and 1947 upon an accrual basis, had estimated the value of the materials and supplies on hand at the close of the year 1946, had treated the value of that inventory as income for the year 1946, and added the total amount thereof, $44,330.00, to the previously reported net income of $64,189.19 for that year, without making or taking into consideration an inventory of materials and supplies on hand at the beginning of the year. Appellant had paid a tax of $33,855.69 for 1946. With the addition of the in-

Thomas B. Roberts, Des Moines, Iowa (Frank J. Enbusk, Mason City, Iowa, J. D. Lowe, Algona, Iowa, on the brief, Brody, Charlton, Parker & Roberts, Des Moines, Iowa, of counsel), for appellant.

John J. Kelley, Jr., Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen., and Helen Goodner, Sp. Asst. to Atty. Gen., Tobias E. Diamond, U. S. Atty. and William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The appellant-taxpayer sued to recover income taxes and interest which he paid as a result of what he claims was an illegal assessment by the Commissioner of Internal Revenue for the tax year 1946. From a judgment denying recovery he appeals.

Appellant started a small produce business in the town of Bancroft, Iowa, in 1923.

ventory on hand at the close of 1946 to net income for that year the tax liability for 1946 was increased $46,144.75. The Commissioner of Internal Revenue determined a deficiency of that amount. Appellant paid it, making his total payment of income taxes for 1946, $80,000.44, plus $9,588.63 interest. When appellant got the agent's report, he made up an inventory for the beginning of 1946. It amounted to $107,209.95. He also made up an inventory of his own for the close of the year 1946 of $116,955.81, which is conceded to be more accurate than the agent's estimated inventory of $44,330.00.

From the foregoing recitation of the facts, the gravamen of the present controversy is apparent. Appellant contends that the Commissioner should not, by applying the accrual method for determining income for 1946, have eliminated from consideration an opening inventory for that year because by doing so income earned in previous years was included in income for 1946. It is readily apparent that if an opening inventory of $107,209.95 and a closing inventory of $116,955.81 is used for 1946[1] and the difference between those amounts is treated as income for that year, the resulting tax deficiency would be very much more favorable to the taxpayer than the deficiency of $46,144.75 assessed by the Commissioner. The Commissioner insists that the use of the accrual method was necessary and proper in order to reflect appellant's true income, and that the elimination of an inventory for the beginning of the year 1946 was proper in order to avoid the taxpayer taking credit twice for the cost or value of the materials, supplies, and products on hand at the beginning of 1946—once in previous periods when their costs were treated in the same manner as operating expenses and deducted from operating revenue in arriving at income, and again in substantially the same manner in 1946. The parties agree that if it should be determined that the opening inventory of $107,209.95 must be taken into account for determining income for 1946, that appellant's closing inventory of $116,955.81 should be substituted for the agent's estimated closing inventory of $44,330.00, and the livestock items eliminated from both opening and closing inventories, reducing the opening inventory to $102,859.95 and the closing inventory to $101,026.96.[2]

The trial court, in a carefully considered opinion reported at 103 F.Supp. 551, concluded that the Commissioner was justified in using the accrual method in determining appellant's true income and that appellant had not sustained the burden of proving that the Commissioner erred in failing to consider appellant's opening inventory for 1946. The sole question for determination is the correctness of the elimination of an opening inventory.

We will not repeat here the comprehensive review of the authorities so well done in the trial court's opinion. We agree that the reported cases at the time of the trial left an undesirable uncertainty as to what circumstances will permit the elimination from consideration of opening inventories and including inventories at the close of the year in income for that year, thereby, in effect, making taxable in that year income actually earned in previous years, and when that cannot be properly done.

The question now involved arises in principle whether the taxpayer has kept his books in such a manner as to show his true income but for one reason or another has not accurately reported that income, as well as when he has so kept his books and records that they do not reflect the true income and has failed to accurately report the income. The objective of the Internal Revenue Code is the ascertainment and reporting of true income and the payment of the proper tax thereon. That objective should not be subordinated to formal methods or practices of bookkeeping or accounting to the extent that income actually accruing in one year be treated as accruing in another by reason of the application of a method of accounting. To do so would be inconsistent with the purpose of the statute authorizing the Commissioner to use such method of accounting as will clearly reflect the in-

---

1. Both figures adjusted by stipulation as hereinafter noted.

2. See Footnote 1.

come. 26 U.S.C.A. § 41.[3] If an inventory on hand at the beginning of a tax year is in fact income earned in a preceding year, a change from one method of accounting to another will not alter that fact. "Bookkeeping entries do not produce either income or losses for the purposes of taxation. They are intended to record facts, and are evidential, but they do not create or destroy facts." Northwestern States Portland Cement Co. v. Huston, 8 Cir., 126 F.2d 196, 199. "The bookkeeping creates nothing, and the question must be decided according to proven and established facts." Sitterding v. Commissioner of Internal Revenue, 4 Cir., 80 F.2d 939, 941.

The trial court made no specific finding that the 1946 opening inventory constituted income in prior years. It did specifically find that:

"11. In April, 1950, the plaintiff reconstructed an estimated 1946 opening inventory in the amount of $107,209.95. The costs of the items composing such 1946 opening inventory had been deducted from the plaintiff's gross receipts in computing the taxable income reported by the plaintiff for the year 1945 or for prior years."

And in the memorandum opinion the court refers to the fact that the cost of all items appearing in the opening 1946 inventory had been deducted from gross receipts in computing taxable income for prior years and states:

"It appears beyond dispute that the plaintiff realized income in 1945 or in previous years on which he did not pay taxes, because such income was invested in inventory items whose costs were deducted from gross receipts for such years." [103 F.Supp. 554.]

There can be no doubt from the record that the opening 1946 inventory consisted of feed, produce and supplies theretofore purchased out of operating revenue, and the cost thereof deducted from gross profits. The result was that the valuation placed on this inventory represented past profits or income as surely as if the cash with which the inventory had been acquired had been retained in kind.

The trial court based its conclusion that the opening inventory should not be deducted from the closing inventory upon authority of William Hardy, Inc. v. Commissioner of Internal Revenue, 2 Cir., 82 F.2d 249. Although the trial court noted the conflict in principle between the Hardy case and the holding of this court in Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89, it felt justified in following the Hardy case because of the similarity of the facts in that case and this, and also because this court did not definitely and directly indicate nonconcurrence in the Hardy case in the Mnookin case, but obliquely, at least, indicated concurrence with the Hardy case. This case was decided March 10, 1952. As Judge Graven says in his opinion, there was then difficulty in reconciling the decisions on this question, and the law in this field was in a "blurred and confused condition." Since then, on March 11, 1952, the Third Circuit decided the case of Commissioner of Internal Revenue v. Frame, 3 Cir., 195 F.2d 166, in which the taxpayer had kept his books on the accrual basis but had improperly reported his income on the cash basis through the year 1945. Upon examination of the 1945 return, the Commissioner adjusted the taxable income by adding thereto a sum representing the net accounts receivable appearing on the books on December 31, 1944, in order to take into consideration items which were not reflected in returns for prior years. The only issue in the case was whether the Commissioner erred in adding to the taxpayer's taxable accrued income for 1945 *these accrued*

3. "Sec. 41. General rule.—The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * * "

*items from the previous year.* The Tax Court held this was wrong. The Court of Appeals agreed, saying:

"We agree with the majority of the Tax Court, for the reasons well stated in Judge Disney's opinion, that the accounts receivable in question were income of the taxpayer for the years prior to 1945 and were not taxable to him in the latter year even though he had erroneously failed to report them in his returns for the prior years. Since the taxpayer kept his books upon the accrual basis during all the years involved and the Commissioner concedes that they clearly reflected his income and that no change in accounting methods was involved the adjustment which the Commissioner here made was not permissible. As Judge Riddick said in Commissioner of Internal Rev. v. Mnookin's Estate, 8 Cir., 1950, 184 F.2d 89, 93: 'The discretion which the Commissioner has under section 41 of the Code to make such computations as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes. Clifton Manufacturing Co. v. Commissioner, 4 Cir., 137 F.2d 290, 293, 150 A.L.R. 749.'"

Subsequent to the decision of this case the Second Circuit has had before it two cases involving this question. The first, Commissioner of Internal Revenue v. Schuyler, 2 Cir., 196 F.2d 85, 86, involved the identical question presented in the case before us. The court stated the issue as follows:

"For the taxable year 1947, the Commissioner required the taxpayers to change from the cash basis of reporting income to the accrual basis, on which their books were kept, and included in gross income the closing inventory of the year but disallowed the deduction of the opening inventory. The Tax Court permitted the taxpayers to deduct the opening inventory. The correctness of this ruling is the sole question presented."

The court affirmed upon the reasoning of the Mnookin case embodied in the above quoted excerpt therefrom.

Referring to the Hardy case the court said:

"The Commissioner asserts that his method of computation must be sustained on the authority of this court's decision in William Hardy, Inc. v. Commissioner, 2 Cir., 82 F.2d 249. There the taxpayer had kept its books on the cash basis. It requested permission to change to the accrual method of accounting and reporting income for the year 1926. The Commissioner granted the request and also insisted that the 1925 return be recomputed on the same basis. He added an opening inventory to the 1925 income computed on the accrual basis. We held this to be within the discretion conferred upon him by section 41 of the Code. That case involved a change in the method of keeping the taxpayer's books, not merely, as here, a change in the method of reporting income in the taxpayer's return. Subsequent decisions of the Tax Court, two of which have been affirmed by Courts of Appeals, have noted that distinction and limited the scope of the Hardy case to its precise facts. We agree that it should be so limited."

In the other case before the Second Circuit, Commissioner v. Cohn, 2 Cir., 196 F.2d 1019, the court reiterated the position taken in the Schuyler case.

In Security Flour Mills Co. v. Commissioner of Internal Revenue, 321 U.S. 281, 286, 64 S.Ct. 596, 88 L.Ed. 725, the Supreme Court said:

"The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of

actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount."

 Supported by recently adjudicated cases, we reaffirm our previous conclusion that the determination of what shall be considered income for a given year is a question of fact to be determined by the facts under applicable principles of law, and that income accruing in one tax year may not be taxed in another. Commissioner of Internal Rev. v. Mnookin's Estate, 8 Cir., 184 F.2d 89; Craig v. Thompson, 8 Cir., 177 F.2d 457; Clifton Mfg. Co. v. Commisisoner of Internal Rev., 4 Cir., 137 F.2d 290, 150 A.L.R. 749.

It may be that the Hardy case can be distinguished from the Frame case and from the Mnookin, Schuyler and Cohn cases upon the grounds stated in the Mnookin and Schuyler cases, but we agree with the trial judge that the distinction in principle is difficult to see. Possibly the result reached in the Hardy case was based upon an extension of the discretionary power of the Commissioner to adopt such methods of accounting as would reveal the taxpayer's true income to include a power, frequently held to be nonexistent, of the Commissioner to treat, by the use of a particular accounting method, income accrued in one year as having accrued in another. But we need not theorize upon that question since it is now clear that the doctrine announced in the Hardy case is not to be understood to mean that, absent fraud or other considerations not now involved, the change in the accounting method used in determining or reporting income can be made the basis for treating as income in one tax year income which actually accrued in another year. Cases holding to the contrary we do not follow.

The judgment is reversed with directions to enter judgment upon the basis of the stipulated opening inventory of $102,859.95 and a closing inventory of $101,026.96.