ADVANCE TRUCK COMPANY, a corporation, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16024.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1958.

Parker, Miliken & Kohlmeier, Charles H. Chase, Los Angeles, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Davis W. Morton, Jr., Charles B. E. Freeman, A. F. Prescott, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before FEE, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

The question presented by this petition for review of a decision of the Tax Court of the United States is whether petitioner's income for federal income tax purposes for the year 1950 is to be computed according to the straight accrual method of accounting, or by a method of accounting which is partly cash receipts and disbursements and partly accrual.

Specifically, the problem is whether amounts received by the petitioner in 1950 for services rendered in 1949 are includable in 1950 income.

The facts are not in dispute, and may be summarized from the stipulations of facts before the Tax Court.

Petitioner is a California corporation, which was organized in 1932. Since its incorporation it has engaged as a common carrier in hauling and storing tubular goods for hire. It is not engaged in manufacturing, processing, purchasing or selling merchandise. Its business has not required the use of inventories and inventories are not an income producing factor.

From the date of its incorporation through December 31, 1949, petitioner properly kept its books of account and properly reported its income for federal income tax purposes on the cash receipts and disbursements method.

On January 16, 1950, petitioner was notified by the Interstate Commerce Commission that it was classified as a Class 1 motor carrier, and that effective as of January 1, 1950 it would be required to keep its accounts on the accrual method of accounting. Under Section 222(g) of the Interstate Commerce Commission Act, 49 U.S.C.A. § 322(g), wilful failure or refusal to keep accounts in the manner prescribed by the Interstate Commerce Commission constitutes a misdemeanor punishable by fine.

In conformity with the directive of the Interstate Commerce Commission, petitioner changed its method of keeping its accounts, and since January 1, 1950 has kept its books and accounts on the accrual method. The petitioner at no time filed an application requesting the permission of the respondent to change the method of keeping its books of account or manner of reporting its income from a cash receipts and disbursements method to an accrual method.

In reporting its income for 1950, petitioner included in gross receipts the sum of $18,467.96, which was represented by accounts receivable at December 31, 1950. Also included in gross receipts was the sum of $20,431.48, which amount was collected during the month of January, 1950 for services rendered during the month of December, 1949. On the accrual method of accounting, the latter amount would have represented accounts receivable at December 31, 1949. Included in the cost of operations for the year 1950, petitioner included the sum of $196.20, which represented accounts payable at December 31, 1950.

While the petitioner stated in its income tax return for 1950 that the return was made on the basis of cash receipts and disbursements, it was actually prepared on the accrual basis.

In December of 1951 petitioner filed an amended return for the year 1950, showing an additional amount of tax due.

In January 1954 petitioner filed a timely claim for refund, claiming an overpayment of the tax for the taxable year of 1950, on the ground it was properly on the cash basis for the purpose of reporting its income for federal income tax purposes. Respondent rejected petitioner's claim for refund and determined the petitioner was required to report its income on the accrual method. Petitioner conceded before the Tax Court that the respondent may require the petitioner to report its income on the accrual method, but contended before the Tax Court and still contends that in such event its income for the year 1950 should be recomputed by eliminating from gross receipts said sum of $20,431.48 (accounts receivable at December 31, 1949) which on the accrual method of accounting was not income to the petitioner in the year 1950.

The Tax Court held that the petitioner was required to report its net income for federal income taxes on the accrual method for the year 1950 and that the accounts receivable at December 31, 1949 —representing amounts actually received in January 1950 for services performed in 1949—should not be eliminated from 1950 income, because the amounts were received in 1950 and are not properly accounted for under Section 42 of the Internal Revenue Code of 1939 in any year other than 1950.

Petitioner contends that the Tax Court's interpretation of Section 42,[1] as requiring the inclusion in gross income of the amounts received in 1950 for services rendered in 1949, is in conflict with Section 41 [2] of the Internal Revenue Code of 1939, contrary to Treasury Department Regulations 111, Section 29.41–1, and opposed to the several decisions of the several courts of appeal which have had occasion to pass on this problem.[3]

The Tax Court stated, "The statute (Section 42) is designed to see to it that all items of gross income shall be properly accounted for in gross income for some year. No item of gross income is to escape. It names the year 'in which received' as the proper year to include the item unless, by virtue of some permissible method of accounting, the item is to be properly accounted for as of a different period. Since the $20,431.48 was received in 1950, that is the year it is to be included in gross income unless petitioner can show the item should have been 'properly accounted for' in 1949." The Tax Court reasoned that since the petitioner was on the cash basis for the year 1949, and since the said sum of $20,431.48 was received in 1950 for services rendered in 1949, that said amount could not have been properly accounted for in 1949.

Admittedly, the sum of $20,431.48 constitutes income to the petitioner and will escape taxation unless accounted for in 1950. The petitioner suggests that such fact would not justify affirmance of the Tax Court's decision. It is true that there are decisions under which admitted income has escaped taxation.[3]

Section 41 requires (1) the income to be computed "upon the basis of the taxpayer's annual accounting period", and (2) "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." It also provides (3) that "if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

Since there is no question that petitioner properly kept its books of account and reported its income for federal income tax purposes on the cash receipts and disbursements method for years prior to and including the calendar year of 1949, and properly kept its books of account and reported its income for federal income tax purposes on the accrual method of accounting for the calendar year 1950, we need not concern ourselves with the third requirement of Section 41.

1. Sec. 42. Period in which items of gross income included. (a) [As amended by Section 114 of the Revenue Act of 1941, c. 412, 55 Stat. 687] "General Rule—
"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41 any such amounts are to be properly accounted for as of a different period. * * * *" 26 U.S.C.A. § 42.

2. "§ 41. General Rule.—The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the

computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year." 26 U.S.C.A. § 41.

3. Goodrich v. Commissioner, 8 Cir., 243 F.2d 686; Commissioner of Internal Revenue v. Dwyer, 2 Cir., 203 F.2d 522; Caldwell v. Commissioner, 2 Cir., 202 F.2d 112; Welp v. United States, 8 Cir., 201 F.2d 128; Commissioner of Internal Revenue v. Schuyler, 2 Cir., 196 F.2d 85; Commissioner of Internal Revenue v. Frame, 3 Cir., 195 F.2d 166; Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89.

As above noted, the petitioner at no time filed an application with the Commissioner requesting his permission to change the method of keeping its books of account or manner of reporting its income. We attach no legal significance to such fact under the facts of this case. See Goodrich v. Commissioner, supra. It should be noted, however, that the respondent did not require the petitioner to change the method regularly employed in keeping its books of account for the year 1950, but required petitioner to report its income on the accrual method.

Petitioner concedes the sum of $20,-431.48 was not properly reportable in its income tax return filed for the year 1949, because its books of account for that year were kept on a cash receipts and disbursements method. Under such method the accounts receivable involved would not constitute income to petitioner for tax purposes until received by it. Payment of these accounts was not received by the petitioner until 1950. The Commissioner could not have assessed a deficiency in tax against the petitioner for the year 1949 for failure to include such amount in its taxable income for that year.

Petitioner contends, however, that since it was on the accrual method for the purpose of reporting federal income tax for the calendar year 1950, the receipt in 1950 of such amount, which in 1949 was represented by accounts receivable, was not income to petitioner in 1950.

In order to sustain its position, petitioner, necessarily, must contend that Section 42 should be construed to mean that items of gross income are only to be accounted for *according to the method of accounting employed in the taxable year of reporting.* (Emphasis added) In other words, its position is that on the change-over from a cash to accrual method of reporting income the strict accrual method must be used in computing income for the taxable year of the change-over. Applied to this case, petitioner

reasons that since the amount of $20,-431.48 was in the form of accounts receivable on December 31, 1949, and since in 1950 petitioner kept its books of account on the accrual method, the receipt of such amount in 1950 was not income to the petitioner in 1950 according to the accrual method. Such reasoning adds to Section 42 provisions not contained therein and assumes, contrary to the fact, that petitioner kept its books of account on the accrual method in 1949. We cannot agree that the proper construction of Sections 41 and 42 produces such an anomaly. If petitioner had actually received payment of such sum in 1949, had changed to the accrual method of accounting for the year 1950, and if petitioner had mistakenly omitted such amount from its tax return for the year 1949, we concede that under the decisions relied upon by the petitioner from other circuits the Commissioner would be denied the right in the year of change-over to the accrual method from assessing a deficiency in tax for the year 1950 because of such assumed omission, since under Section 42 such amount would have been properly accounted for as of a different period, to-wit, 1949.

The accounts receivable of $20,431.48 had, as stated in Goodrich v. Commissioner, supra [243 F.2d 691], "an income status created for them on a cash-realization basis," under the cash receipts and disbursements method which the petitioner had employed as to them. We are unable to agree with the petitioner that such status was changed simply because the petitioner changed its method of keeping its books of account to the accrual method for the year 1950.

We have examined the decisions from other circuits relied upon by the petitioner.[3] We believe that it is a fair statement to say that the rationale of such cases is that the Commissioner is not empowered in the year of change-over to assess a deficiency in tax for the year of the change-over premised on items of income which the taxpayer should have, but

**3.** See note 3 on page 390.

failed to include, in his income tax return for the tax year or years prior to the change, based upon the method employed by the taxpayer in keeping his books of account for such prior year or years. This rationale cannot be applied to the facts of the instant case because said sum of $20,431.48 was not reportable by petitioner for the tax year 1949 under the cash receipts and disbursements method employed by petitioner for the year 1949.

We hold that the Commissioner properly refused to eliminate said sum of $20,431.48 from the income tax returns of the petitioner for the year 1950. The decision of the Tax Court is affirmed.