## RALEIGH v. UNITED STATES.
### No. L–500.

Court of Claims.
Jan. 8, 1934.

625

J. S. Seidman, of New York City, for plaintiff.

Elizabeth B. Davis and W. W. Scott, both of Washington, D. C. (James A. Cosgrove, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

WILLIAMS, Judge.

Plaintiff sues for the recovery of $1,687.-61 paid as income tax for the year 1923, together with interest thereon. The suit is based upon a claim for refund, filed on March 15, 1928, which was rejected by the Commissioner of Internal Revenue on December 3, 1928.

Plaintiff was the dominant spirit of the Industrial Manufacturing Company, an Illinois corporation, and the Pines Manufacturing Company, a Delaware corporation. He was a large stockholder in both corporations, being president and treasurer of one and secretary and treasurer of the other. He was general manager in charge of the activities of both companies, formulated their policies,

and looked after their finances. Checks on the banking accounts of the two companies and notes were signed by him and required no countersignature.

He had a current account on the books of both companies in which credits and charges on account of salaries and dividends were entered, which on January 1, 1922, showed credit balances amounting to $17,969.38. During the year 1922 his accounts were credited with his salary for the year, and also with dividends on his stock declared and payable before the close of the year, in the aggregate amount of $29,692.29. His accounts during the year were charged with the amounts actually withdrawn from the accounts aggregating $30,260.50. At January 1, 1923, these accounts showed a credit balance of $16,656.32. During the year the accounts were credited with salaries and dividends in the aggregate amount of $33,023.90, and charged by withdrawals on account thereof in the amount of $42,080.01. There was no restriction on the right of plaintiff during the years 1922 and 1923 to withdraw from the funds credited to him on the books of the two companies as salaries and dividends the whole or any part of the amounts so credited. Both companies were in good financial condition, had large surpluses, and the amounts credited to plaintiff could have been withdrawn by him at any time without financial embarrassment to either company.

Plaintiff prepared his income tax returns for the years 1922 and 1923 on a cash receipts and disbursements basis and did not include any salaries or dividends unless reduced to possessions. In his 1922 return he reported as income from salaries and dividends from the two companies $30,260.50, the actual debits to his account of payments made to him. An examination of the 1922 return was made by a revenue agent who recommended that the amount credited to plaintiff on the books of the companies for the year 1922 as salaries and dividends, $29,283.29, was the correct amount taxable as income instead of the amount withdrawn by him during the year. The recommendation of the revenue agent was approved by the Commissioner of Internal Revenue and agreed to by plaintiff, resulting in a refund to the plaintiff for the year 1922 in the sum of $158.38. The plaintiff's return for the year 1923, prepared upon the same basis as the return for the year 1922, reported his income from salaries and dividends, $42,080.01, and a tax liability of $4,089.94, which amount was duly paid in four equal installments.

For the year 1924 and subsequent years plaintiff reported salaries and dividends from the two companies in the amounts credited to his account on the books of the companies instead of the amounts actually withdrawn from said accounts and reduced to possession during the year. The Commissioner approved the returns prepared in this manner for 1924 and each of the subsequent years. While his tax returns for the years prior to 1922 are not in evidence, the inference from the record is plain that plaintiff had consistently, prior to the year 1924, prepared his income tax returns on the basis of cash receipts and expenditures, reporting for tax purposes only such portions of his earnings from salaries and dividends as had been withdrawn by him and reduced to possession during the respective years. In the Bureau letter notifying plaintiff of the rejection of his refund claim for 1923 it was stated: "Information on file in this office shows that you have consistently reported your income on the cash receipts and disbursements basis and did not consider the salary credited to your account as constructively received. It appears that the same method was followed in reporting your 1923 income. In view of these facts, your claim will be rejected * * *." The stipulations recite that: "His account had been credited with salary and dividends in prior years, and at January 1, 1922, there was a net credit in his account on the books of the two companies, as follows * * * $17,969.38." The years in which the salary and dividend credits aggregating this amount were entered on the books of the companies do not appear, but it is obvious plaintiff did not consider them as having been constructively received at the time they were entered. It is also clear such credits had not been reported by him at any time as taxable income, and had not been previously taxed. The same is true of the credit balance of $16,656.32 of January 1, 1923.

The question presented is whether the plaintiff, under the facts stated, is taxable for the year 1923 only on the amounts credited to him on the books of the companies for salaries and dividends for the year, or on the amount of salaries and dividends withdrawn from the account and reduced to possession, such amount being in excess of the amounts credited.

The plaintiff contends that his tax liability for the year must be admeasured on the constructive receipt basis provided in articles 52 and 53 of Regulations 62, promulgated under the Revenue Act of 1921. The doctrine of constructive receipt, or the "concept" of

constructive receipt as it is sometimes called, is that a taxpayer is deemed to have received income which has been set apart or credited to his account, which may be drawn by him at any time without limitation or restrictions of any kind, and where funds for payment of the credits are available. The constructive receipt method of reporting income is a part of the cash receipts and disbursements system of accounting. Income credited to the account of a taxpayer which he has an unqualified right to withdraw at will is, for the purpose of the taxing statutes, regarded as cash receipts for the year in which it is credited. This is the effect of the decisions cited and relied on by plaintiff. In each of the cases cited the taxpayer had been credited with an amount in excess of the amount actually withdrawn and received, and the question was whether such excess was so unqualifiedly subject to his demand as to constitute taxable income within the meaning of the regulations. Here the situation is reversed, the taxpayer having withdrawn from his account and received in cash an amount in excess of the amount credited to him as salaries and dividends for the year. The plaintiff contends that, since this excess was credited on the books in prior years, it was constructively received in those years, and is not taxable income for the year 1923.

The plaintiff for the year 1923 and prior years manifestly acted on the theory that salaries and dividends credited to his account on the books of the two companies were not received by him until withdrawn and reduced to possession, and that, since he was on the cash receipts and disbursements basis, amounts not actually received should not be reported as income. Acting upon this theory the salary and dividend credits aggregating the net balance of his account on January 1, 1923, were not reported by him for the years in which they were credited, although he had the absolute right to receive the same. In these circumstances the plaintiff cannot now, after the statute of limitations has run with respect to the years in which the credits were made and not reported, be heard to say that such credits do not constitute taxable income in the year in which he chose to receive them in a physical sense. The doctrine of constructive receipt cannot be retroactively applied in such a manner as would relieve plaintiff of paying a tax on this portion of his income. Moran, Executrix, v. Commissioner, 26 B. T. A. 1154, affirmed by Circuit Court of Appeals, First Circuit, November 10, 1933. 67 F.(2d) 601.

The plaintiff's contention that the excess amounts reduced to possession and received in cash in 1923, over the amount credited for that year, had already been taxed in 1922, is not supported by the facts. The payments in cash during the year 1922 exceeded the credits for that year. The same thing is true for the year 1923; consequently, the excess payments in both years must have been made out of credits entered on the books prior to January 1, 1922, which credits, as stated, had not been reported by plaintiff for income tax purposes and had not previously been taxed.

The plaintiff is not entitled to recover, and it is ordered that the petition be dismissed.