**HELVERING, Commissioner of Internal Revenue, v. WILLIAMS (two cases).**

**Nos. 11079, 11080.**

Circuit Court of Appeals, Eighth Circuit.

July 5, 1938.

Harry Marselli, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Henry C. Lowenhaupt, of St. Louis, Mo. (Abraham Lowenhaupt, Stanley S. Waite, and Lowenhaupt, Waite & Stolar, all of St. Louis, Mo., on the brief), for respondents.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

These cases raise the single question of whether taxpayers who exchanged certain shares of stock for other stock in 1929 and failed to report in that year as income the difference between the cost of the shares exchanged and the market value of the shares received, are precluded, in determining the gain on the sale of the stock in 1930, from using as a basis the market value of the stock when received in 1929. The Board of Tax Appeals decided that the taxpayers were not so precluded, and the Commissioner of Internal Revenue is here for review of that decision.

The two respondents, Mrs. Georgie O. Williams and Eugene F. Williams, are mother and son. Their cases were consolidated for hearing and trial before the Board and are here on a single petition for review. Since the two cases are identical, except as to the amounts involved, both are controlled by the same rule of law. It will be necessary, therefore, to state the facts in detail in the case of Mrs. Williams only.

The petition for review involves, in the case of Mrs. Williams, an overpayment of income tax for the year 1930 in the amount of $5,150.62. On January 14, 1929, she was the owner of 1,000 shares of Skouras Brothers Enterprises, Inc. (hereinafter

called Skouras), stock which was acquired by her in 1924 at a cost of $18,400. On January 14, 1929, she exchanged all of this stock for 560 shares of stock of Warner Brothers Pictures, Inc. (hereinafter called Warner). The fair market value of Warner stock was then $123.50 per share. Subsequently Warner stockholders received rights to buy one new share at $100 for every six shares held. Respondent exercised her rights and, within the year 1929, sold the new stock so acquired at a profit to her of $1,631.22. This transaction reduced the cost of respondent's original acquisition of Warner stock by 3.4597 per cent. In her federal income tax return for 1929 respondent reported the $1,631.22 profit, but made no mention of the exchange of Skouras for Warner stock, and reported no profit from it. In 1930 respondent sold all of her Warner stock for $77,443.24 and reported, in her income tax return for the year 1930, a profit on the sale of $59,647.99. The cost reported for the Warner stock sold in 1930 was the cost of the Skouras stock in 1924, less 3.4597 per cent.

If the respondent, in her federal income tax return for the year 1929, had treated the exchange of Skouras stock for 560 shares of Warner stock on January 14, 1929, as a taxable transaction for that year, she would have reported net income more than she did report and would have paid an additional tax for 1929 in the amount of $5,694.22 more than she did pay. No claim was made by her that the exchange of stock in 1929 resulted in taxable gain for 1929 until after the statute of limitations, Revenue Act of 1928, c. 852, § 275(a), 45 Stat. 856, 26 U.S.C.A. § 275 note, had run against a redetermination of her 1929 tax.

It was the Commissioner's contention before the Board, and is here, that having failed to report this stock exchange in her income tax return for 1929; having treated the exchange in her 1930 return as a transaction resulting in no taxable gain for 1929; having obtained and retained the benefits of the lower tax for 1929; having failed to amend her returns or to offer to pay the additional tax for 1929; and having failed to claim that the exchange resulted in a taxable gain for 1929 until after the statute of limitations had prevented the assessment and collection of an additional tax for 1929, she is now estopped from claiming that the cost of the Warner stock sold by her in April,

1930, was in excess of the amount shown on her tax return for that year.

The taxpayer denies the existence of an estoppel on the ground that a full disclosure of the exchange of stocks in 1929 was made to a representative of the Commissioner prior to the time that the collection of an additional tax for 1929 was barred by the statute of limitations.

Upon the issue of estoppel the Board found in brief that in the latter part of November, 1931, prior to the running of the statute of limitations, a revenue agent made an examination of the tax liability of both respondents to this petition for review for the year 1929. He spent two or three days in examining the respondents' records for that year. The revenue agent was referred to one Wetteroth, an accountant, as representative of respondents. Wetteroth had been employed for several years by an accounting firm in charge of its tax department, during which time he had endeavored to familiarize himself with the income tax laws and regulations. He prepared respondents' income tax returns for the years 1929 and 1930. At that time he was of the opinion that the exchange of stock was a corporate reorganization, and not taxable. His work sheets, however, showed the exchange, and they were among the papers placed before the revenue agent for examination.

In the fall of 1932 Wetteroth concluded that the exchange of stock in 1929 was not a tax-free reorganization. The first claim to this effect made by respondents was in protests filed by them on January 13, 1933, against their tax liabilities for the year 1930, wherein they contended that the 1929 market value of the Warner stock should be used in determining the profit from the sale of that stock in 1930. The Commissioner rejected the protests on the ground of estoppel in accordance with his contentions recited supra. Respondents then filed petitions for a redetermination of the deficiency by the Board of Tax Appeals, and the Board held that there had been an overpayment for the year 1930. The Commissioner now concedes that no reorganization occurred in 1929, and relies solely upon his theory that the taxpayers are precluded from changing their position after the statute of limitations has run on the 1929 tax. It is a familiar rule that where a taxpayer makes an innocent misrepresentation of fact in his return for one year, on which the

**812**

Commissioner relies, the taxpayer may not in another year repudiate the position he has taken after limitations have barred a redetermination 'for the former year. Larkin v. United States, 8 Cir., 78 F.2d 951; Fordyce v. Helvering, 8 Cir., 78 F. 2d 525; Alamo National Bank v. Commissioner, 5 Cir., 95 F.2d 622; Commissioner v. Farren, 10 Cir., 82 F.2d 141; Askin & Marine Co. v. Commissioner, 2 Cir., 66 F.2d 776; Robbins v. United States, Ct.Cl., 21 F.Supp. 403. One of the essentials of such an estoppel is misrepresentation of fact on which the Commissioner relies. If the mistake is one of law only, and the Commissioner fails to establish that he was misinformed as to the facts, there can be no estoppel. United States v. Dickinson, 1 Cir., 95 F.2d 65; United States v. S. F. Scott & Sons, 1 Cir., 69 F.2d 728, 732; Helvering v. Brooklyn City R. Co., 2 Cir., 72 F.2d 274; Salvage v. Commissioner, 2 Cir., 76 F.2d 112, affirmed, Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511. Further, if the taxpayer makes timely disclosure of all the material facts to the Commissioner or to his representative there can be no ground for an estoppel.

▮ The revenue agent testified that he did not remember having seen Wetteroth's work sheets, but that as far as he knew he had examined all of the papers which were submitted to him for that purpose. The Board found that the 'work sheets were made available to him when he made his examination. It declared in its opinion: "We are satisfied from the evidence that at the time the revenue agent made his examination there was made available to him information which would have put him on notice as to the true facts if due diligence had been exercised by him." The Board's findings of fact, being supported by evidence, are conclusive in this court. Palmer v. Commissioner, 302 U.S. 63, 70, 58 S.Ct. 67, 70, 82 L.Ed. ——; Wiese v. Commissioner, 8 Cir., 93 F.2d 921.

▮ The necessary conclusion is that this is not a case in which the Commissioner was misled by the taxpayer's misrepresentation of fact. The question of whether such a transaction as occurred between the stockholders of Skouras and Warner came within the statutory definition of a tax-free reorganization had not been decided by this court prior to Von Weise v. Commissioner, 69 F.2d 439, filed February 23, 1934. The respondents filed their 1929

and 1930 income tax returns under a misapprehension of law. The Commissioner, with the facts before him, acquiesced in respondents' interpretation. In such a situation the taxpayer is not precluded from correcting his position thereafter. The Court of Appeals for the First Circuit, upon an analogous state of facts, has reached the same conclusion. United States v. Dickinson, supra.

The decisions and orders of the Board of Tax Appeals are affirmed in both cases.