## ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7537.

Circuit Court of Appeals, Sixth Circuit.
Jan. 16, 1939.

848

Wm. J. Murray, of Detroit, Mich., for petitioner.

L. W. Post, of Washington, D. C. (James W. Morris, Sewall Key, Norman D. Keller, and Francis I. Howley, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining a deficiency of $3,172.06 in the income taxes for the calendar year 1929 of the estate of Addison B. Robinson, deceased.

Robinson died testate July 5, 1924, and on July 8, 1924, Howard R. Marsh, his son-in-law, was appointed "special administrator" pursuant to Michigan statutes, on representation that delay necessary for appointment and qualification of the widow Mary E. Robinson would result in a loss to the estate.

The will was admitted to probate on August 6, 1924, and the widow petitioner duly qualified as executrix, at which time under Section 13826 of the Compiled Laws of Michigan (1915), the appointment of the special administrator terminated.

The gross estate was valued at $838,-845.68 with total claims against it of $18,-347.15 of which $15,375.94 was due the petitioner. Specific legacies aggregated $109,000 including one of $75,000 to Dorothy Marsh, decedent's only child. Petitioner was residuary legatee and devisee.

On September 13, 1924, the Probate Court of Michigan, a court of record, entered an order entitled "Final Order of Distribution" by which the bond of the petitioner theretofore applied for September 10, 1924, was approved and all the assets of the estate were assigned and transferred to her. The bond was conditioned on her paying all debts and legacies of the estate and all administrative costs, expenses, taxes and claims against it and all legacies under the will were paid within six months after decedent's death.

Immediately after the death of decedent, the special administrator Marsh requested the Treasury Department to send a representative to prepare the inheritance tax return for the estate, which was done and the government agent advised Marsh to continue the books in the name of the estate for four or five years and to keep segregated the assets acquired by the petitioner from the estate for the purpose of avoiding double inheritance taxes and later received similar advice from his own tax advisers. The estate tax return was dated September 16, 1924, and on September 3, 1926, the respondent sent to "Mary E. Robinson, Residuary Legatee u/w of Addison B. Robinson" a notice of adjustment of the claim for refund of the Federal estate tax paid.

Marsh continued to sign checks as special administrator long after appointment and qualification of the executrix and filed income tax returns on behalf of the estate from 1924 to and including 1932; also protests with the Internal Revenue Agent at Detroit and with the respondent at Washington signed as "Special Agent" and "Special Administrator." The petitioner made individual returns for each of the years subsequent to her husband's death but included therein no part of the income of the estate reported by Marsh for those years.

The sixty-day notice of deficiency and transmittal letter from the respondent on which these proceedings were based was addressed to "Howard R. Marsh, Special Administrator, Estate of A. B. Robinson, 1005 Union & Peoples' National Bank Building, Jackson, Michigan." The appeal from determination therein to the Board was prosecuted by petitioner, executrix, and in her amended petition she alleged that the estate owned no assets and realized no income during the year 1929 but records were kept as in prior years under the name of "Estate of A. B. Robinson" wherein the assets inherited by her and those acquired by reinvestment of income and conversion were distinguished from those owned by her prior to decedent's death.

She also alleged as her belief that counsel employed by her to prepare her 1929 income tax return did not know of the court order of distribution of the estate and filed a separate return for her and the estate as had been done in previous years.

At the time petitioner filed her amended petition with the Board, the United States was barred by the statute of limitation from assessing any additional taxes for the year 1929 against her individually. The respondent plead that the petitioner was estopped from contending that the assets of the estate had been distributed prior to January 1, 1929, or that there was no income attributable to the estate. The Board of Tax Appeals sustained the respondent.

The issue we have to decide is whether petitioner is estopped to assert that the income in controversy was her individual income and not that of the estate, where the statute of limitation bars respondent from assessing and collecting from her personally.

▇▇ The technical legal term "estoppel" is probably as loosely applied as any principle of law applicable to the conduct of men. Equitable estoppel in its proper sense imposes its obligation on all transactions and contracts in civilized life. Its purpose is to hold a person to his representations or conduct where otherwise inequitable consequences would result to one, who having the right to do so under all the circumstances of the case, has in good faith relied thereon. It is founded on morality and justice and makes conscience and equity its concern. It is a force within itself and needs neither consideration or legal obligation to support it.

Taxation furnishes fertile soil for equitable estoppel to grow and thrive. The assessing officials must lean heavily on the information contained in taxpayers' returns. Since the taxpayer has such a broad discretion in his methods of keeping accounts, and the bar of the statute of limitation falls so promptly against the Government and as he is afforded so many forums for redress before payment is required he should not be relieved of governmental exactions by reason of his representations or silence.

▇▇ Equitable estoppel applies in tax cases when the following correlative facts are present: The taxpayer, by his conduct, which includes language, acts or silence

knowingly makes a representation or conceals material facts which he intends or expects will be acted upon by taxing officials in determining his tax, and the true or concealed material facts are unknown to the taxing officials or they lack equal means of knowledge with the taxpayer, and act on his representation or concealment and to retrace their steps on a different state of facts would cause the loss of taxes to the Government. A weighty factor in determining the application of the principle is the availability of the necessary facts to the parties involved.

▇ In the case at bar, Marsh, the special administrator, was the son-in-law of the petitioner and acted for her. He had made income tax returns for the Robinson estate for at least seven years and had within that period filed numerous protests with the Bureau of Internal Revenue and it would be a naive and credulous court that would conclude from the facts in the record that petitioner was unaware of their contents and Marsh's acts.

Petitioner's tax liability would have been increased for the years 1925 to and including 1929 if she had reported in her return the income from the estate. Southern Abstract & Loan Company v. Commissioner of Internal Revenue, 6 Cir., 72 F.2d 130.

The Government has been deprived of a part of its just revenue by the conduct of petitioner and to relieve her of liability on the belated position she takes in these proceedings would be a manifest injustice and a direct violation of the principle of equitable estoppel. Alamo National Bank v. Commissioner of Internal Revenue, 5 Cir., 95 F.2d 622; Commissioner v. Liberty Bank & Trust Company, 6 Cir., 59 F.2d 320; Stone v. White, 301 U.S. 532, 539, 57 S.Ct. 851, 81 L.Ed. 1265; Stearns Company v. United States, 291 U. S. 54, 67, 54 S.Ct. 325, 78 L.Ed. 647.

▇▇ Petitioner insists it was the duty of the respondent to take judicial notice of the statutes of Michigan concerning distribution and final settlements of estates and also the order of the Probate Court distributing to her the assets of the Robinson estate and that this makes inapplicable the principle of estoppel.

It would greatly delay and burden the administration of the internal revenue laws if the respondent and his agents were required to diligently search court records

to determine when estates are finally closed and distribution of income producing property finally made to beneficiaries or devisees.

Constructive notice of facts will not prevent the Commissioner of Internal Revenue from relying on the misleading statement of facts of the taxpayer or his agent. The very representative relied upon by the respondent would have reasonably caused him to desist from inquiry and neglect his means of information and it does not rest with the taxpayer who made or caused them to be made to say that their falsity might have been ascertained and it was wrong to give credence to them. The respondent did not have equal means with the petitioner of knowing the truth or untruth of the statements made in the returns by Marsh.

Order affirmed.

SIMONS, Circuit Judge, concurs in the result.