**COMAR OIL CO. v. HELVERING, Com'r of Internal Revenue.**

No. 11378.

Circuit Court of Appeals, Eighth Circuit.

Nov. 20, 1939.

710

Hartley Pollock, Jr., of St. Louis, Mo. (Truman Post Young, Harold Lee Harvey, and Thompson, Mitchell, Thompson & Young, all of St. Louis, Mo., on the brief), for petitioner.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

THOMAS, Circuit Judge.

This is a petition to review an order of the United States Board of Tax Appeals redetermining a deficiency in the income tax of the Comar Oil Company, a corporation, for the calendar year 1929. The tax was imposed under the Revenue Act of 1928, 45 Stat. 791. The Board found a deficiency of $18,166.92 for the taxable year. The petitioner claims it should have been only $8,506.25.

The facts were stipulated. During the period under review the petitioner was engaged in the business of producing oil and gas from various properties. In 1926, upon its own responsibility and without authority of statute or regulation in so far as the record or briefs disclose, it opened on its books an account designated "Reserve for Warehouse Inventory Adjustment." During that year it credited to reserve $120,000 which was balanced by a debit to profit and loss. The reserve was set up in anticipation of losses which would be incurred when warehouse material should be sold, lost or junked.

The sum of $120,000 credited to the reserve account was claimed and allowed as a deduction in petitioner's income tax return for 1926.

The account was carried through the years 1926, 1927, 1928, and 1929. When items on the warehouse account were sold, lost or junked the loss or gain was debited or credited accordingly. On January 1, 1929, the credit balance on the account was $87,824.30. In that year petitioner's actual losses over actual gains amounted to $208,-189.04. The Board held that this loss should be reduced by the amount of the credit balance on the reserve account at the beginning of the year. Whether or not the Board erred in so holding is the sole question presented on this appeal.

The petitioner contends that it is entitled to deduct its total loss for the taxable year in the amount of $208,189.04 from its gross income for that year notwithstanding such losses were handled through a reserve account on its books. It argues that the reserve was erroneously allowed by the Commissioner in 1926; but that the only way to correct that error was to have restored the credits in the reserve account to income for the year in which such credits were made; and that the credit balance at the beginning of 1929 can not be restored to income for 1926 because of the bar of the statute.

The Commissioner contends that the loss in the warehouse account should be reduced by the credit balance in the re-

serve account under section 23(f) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 26 U.S.C.A. § 23(f), and the regulations thereunder; and for the further reasons (1) that double deductions are not permitted and (2) that one may not found a claim upon his own inequity.

The Revenue Act of 1928 provides:

"Sec. [§] 23. Deductions from gross income In computing net income there shall be allowed as deductions: * * *

"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

 At the beginning of the year 1929 the taxpayer had in the reserve account a credit balance in the amount of $87,824.30 accumulated in previous years (for which deductions had been allowed) for the purpose of covering anticipated losses in the warehouse material account. For the three preceding years such credit balance had been so applied. Just how the losses are "compensated" within the meaning of the statute by thus balancing against them a credit on the reserve account is not explained. We think that the balancing of credits against losses on this account may be regarded as compensation only in a bookkeeping sense. There is neither indemnity for the loss, as there would be in the case of insurance, nor the receipt of cash in an amount equivalent to the losses sustained. The word "otherwise", as used in the statute, must be construed as limited in its application by the rule noscitur a sociis. But, as between the taxpayer and the Commissioner, the deduction of the credits on the reserve account claimed and allowed in previous years were a benefit to the petitioner which it still retained in 1929 and which was measured and represented by the credit balance existing at the beginning of the year. Such a benefit can not be said to be "compensation" within the meaning of the statute, but the fact discloses the basis for the Commissioner's contention that for equitable reasons double deductions are not allowable.

 The Commissioner insists that the petitioner is twice seeking a partial deduction for the same losses, and that double deductions for one and the same loss are not permitted. In support of this contention he cites Ilfeld Co. v. Hernandez, Collector, 292 U.S. 62, 54 S.Ct. 596, 78 L.Ed. 1127; United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054; Burnet v. Riggs Nat. Bank, 4 Cir., 57 F.2d 980; and Baltimore & O. R. Co. v. Commissioner, 4 Cir., 78 F.2d 456. These cases all proceed upon the principle that a taxpayer, having been once allowed a deduction for a loss of capital assets sustained in one taxable year, is not entitled to take a deduction for the same loss in a subsequent year. In all of them the loss in question had actually occurred and been allowed as a deduction in a year preceding the year in which it was claimed a second time. In the present case the loss was anticipated and a deduction claimed and allowed for it in a year preceding the occurrence of the actual loss. We see no difference in principle, however, in the two situations. In each case the deduction is "for diminution of assets resulting from the same losses." Ilfeld Co. v. Hernandez, supra [292 U.S. 62, 54 S.Ct. 598, 78 L.Ed. 1127]. In the Ilfeld case the Supreme Court said: "If allowed, this would be the practical equivalent of double deduction. In the absence of a provision of the Act definitely requiring it, a purpose so opposed to precedent and equality of treatment of taxpayers will not be attributed to lawmakers. Cf. Burnet v. Aluminum Goods Co., 287 U.S. 544, 551, 53 S.Ct. 227, 77 L.Ed. 484. United States v. Ludey, 274 U.S. 295, 301, 47 S.Ct. 608, 71 L.Ed. 1054."

The petitioner makes the point that the Commissioner has not and does not claim that it is estopped from taking a deduction for the full amount of its actual loss in 1929 because an erroneous deduction was taken in prior years; and that such a claim, if made, would not be tenable in the absence of a misrepresentation of fact by the taxpayer. The claim of the Commissioner is based upon an entirely different ground. His contention is that the taxpayer anticipating losses certain to occur in its warehouse account set up a reserve account on its books and claimed a deduction for such losses in advance of the year in which the losses occurred. The claimed deductions were allowed—rightfully or erroneously is immaterial. They were allowed with petitioner's approval and by its inducement, if not its direct request. Under these circumstances it can not complain because it is not allowed a second deduction for the same losses after the bar of the statute has run against a correction of the error made in 1926. "A suit may not be built on an omission induced by him who

sues." Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647. Right and justice and equitable principles have a place in tax matters. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L. Ed. 1265. "In income taxation what is done in one tax year is sometimes projected into another where the same fact must govern." Alamo Nat. Bank v. Commissioner, 5 Cir., 95 F.2d 622, 623. The persistent fact in this case is that the taxpayer has sustained but one loss of capital assets for which it has been allowed a deduction in its income tax return. It is not entitled to a second deduction for the same identical loss, even though the loss was not realized in the year the deduction was granted, because it not only approved the premature allowance of the deduction, but it claimed it and induced the Commissioner to grant it.

We think the order appealed from should be and it is

Affirmed.