The CROSLEY CORPORATION,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12434.

United States Court of Appeals
Sixth Circuit.

Jan. 25, 1956.

John W. Hughes, Chicago, Ill. (John E. Hughes, Harold R. Burnstein, Chicago, Ill., on the brief; R. S. Pruitt, Chicago, Ill., of counsel), for appellant.

John J. Kelley, Jr., Washington, D. C. (H. Brian Holland, Ellis N. Slack, Robert N. Anderson, Washington, D. C., Hugh K. Martin, Richard H. Pennington, Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, The Crosley Corporation, filed this action in the District Court against the United States to recover the sum of $287,037.60 with interest, claimed by it to have been erroneously paid as income, declared value excess profits and excess profits taxes for the year 1941.

The United States, by its answer, claimed as its first defense that the appellant was estopped from claiming the refund or any part thereof. The answer contained a second defense that the complaint failed to state a cause of action, and also included a third defense consisting of a denial of most of the material allegations of the complaint. The parties filed a joint motion that the Court sever the issues and try immediately the Government's first defense, and after that issue was decided set the other issues for trial. This motion was granted and an order entered to that effect. The parties thereupon filed a stipulation of facts. Following his consideration of the case, the District Judge filed Findings of Fact and Conclusions of Law, upon which he entered judgment that the appellant recover nothing of the Government, from which this appeal was taken.

The material facts as stipulated are as follows:

Prior to and during 1939, appellant manufactured radios and refrigerators. Its usual method of accounting was to charge off to expense the cost of tooling in the production of radios and refrigerators in the year incurred. In 1939, appellant began the manufacture of automobiles and expended $351,334.64 for automobile tooling.

On May 7, 1940, the appellant filed for the tax year 1939 its Corporation, Income and Excess Profits tax return which disclosed a gross income of $2,555,170.75 and a net income of "Loss" in the sum of $2,193.53. The return included as deductions as "cost of manufacturing" the automobile tooling expense in the sum of $351,334.64 and radio and refrigerator tooling expense of $337,886.07. The Commissioner of Internal Revenue, after audit, did not disturb these deductions, but for other reasons determined that the 1939 net income was $59,906.49. Without the said two deductions, which totalled $689,220.71, the net income for the year 1939 would have been not less

than $749,127.20 instead of the $59,906.-49 as determined by the Commissioner.

The time within which additional income and excess profits taxes could be assessed and collected on any portion of its 1939 reported income expired on May 7, 1943 under Section 272 of the Internal Revenue Code.

On December 30, 1946, the appellant filed a claim for refund with respect to its tax year 1941 claiming in part that the deduction of $351,334.64 taken by it and allowed by the Commissioner for its tax year 1939 was in error, and that the amount should be capitalized and a portion thereof allowed as a deduction for its tax years 1940 and 1941. The claim for refund stated the following facts in support of the claim:

"In the 1939 base period the taxpayer incorrectly claimed as a deduction automobile tools acquired in 1939 at a cost of $351,334.64. The automobiles for the production of which these tools were utilized were, for the most part, manufactured and sold during the years 1940 and 1941. The automobile tooling of $351,334.-64 was therefore properly deductible in 1940 and 1941 rather than in 1939. Transfer of this deduction from 1939 to 1940 and 1941 makes necessary a recomputation of the excess profits credit under the income method and such recomputation is attached hereto. The result of the recomputation is an increased excess profits credit both in 1940 and 1941. The 1940 credit, being unused, becomes an unused excess profits credit carry-over to the year 1941. Income of the year 1941 is reduced by the total automobile tooling of $351,-334.64 (1940 operations having resulted in an operating loss which is carried over to 1941), and 1941 income and excess profits taxes are revised as follows: * * *

"Claim is hereby made for refund of tax overpaid in the amount of $287,037.60."

The claim for refund was disallowed and this action followed.

The complaint alleges the filing by the appellant of its 1941 return under which it paid $814,570.57 to the Collector; that it entered the automobile manufacturing business in 1939 and purchased tooling for the manufacture of automobiles at a cost of $351,334.64, which automobile tooling had a life of three years; and that it was entitled to a deduction for 1941 for amortization of the automobile tooling, an additional net loss carryover for 1941, and an unused excess profits credit carryover for 1940 resulting in an excess payment for the year 1941 in the amount of $287,037.60.

The Government's answer alleges in support of its plea of estoppel that the appellant took the automobile tooling expense as a deduction in its income tax return for 1939; that in taking such deduction it followed its usual method of accounting and practice; that the Commissioner accepted the tax return as filed by the appellant; that by taking the deduction the appellant avoided paying income and excess profits taxes on part of its income for the year 1939; and that the time within which additional income and excess profits taxes could be assessed and collected for 1939 expired on May 7, 1943, before the appellant filed its claim for refund for the year 1941.

■ The District Judge in denying the appellant any recovery did not make an express ruling that the appellant was estopped from claiming the refund, which under the agreed order was the only issue before the Court. He held that the appellant in filing its 1939 tax return *elected* to deduct the automobile tooling expense in the same manner as it did with respect to its tooling expenses for radios and refrigerators; that it was bound by the *election* which it made in 1939, and that it was not entitled some seven years later to question the propriety of the allowance of the deduction by the Commissioner. The doctrine of election involves the choice of one of two rights, to each of which the party choosing has an equal right. There is no permissible election on the part of a taxpayer to treat an expenditure as either an

expense item or a capital expenditure. Its character is determined as a matter of law by the facts. Reuben H. Donnelley Corp., 26 B.T.A. 107, 113. Mertens, Law of Federal Income Taxation, Vol. 10A, Sec. 60.17. Accordingly, the ruling will be construed as upholding the defense of estoppel.

■ In making the ruling, the District Judge had before him the allegations of the complaint, which for the purposes of the first defense, were not denied, the allegations contained in the first defense, and the stipulation of facts. There was no evidence introduced. The facts thus before the Court included the fact alleged in the complaint that the automobile tooling purchased in 1939 had a life of three years. In the absence of evidence to the contrary, this expense could not be held as a matter of law to be an operating expense. It is the usual rule that an expenditure made to acquire an asset which has a period of useful life in excess of one year is treated as a capital expenditure and can not be deducted as a business expense for the year in which made. To the extent that a deduction is allowable, it must be obtained under the provisions of the Code dealing with amortization or depreciation covering a period of years. Hotel Kingkade v. Commissioner, 10 Cir., 180 F.2d 310, 312; Home Trust Co. v. Commissioner, 8 Cir., 65 F.2d 532, 533; New Pittsburgh Coal Co. v. United States, 6 Cir., 200 F. 2d 146, certiorari denied 346 U.S. 812, 74 S.Ct. 21, 98 L.Ed. 340. Mertens Law of Federal Income Taxation, Vol. 4, Sec. 25.20. For the purpose of testing the plea of estoppel on the present record it is treated as a capital expenditure. If it is not a capital expenditure, the deduction was properly taken in 1939 and there is no necessity for a ruling on the plea of estoppel. The issue can be developed by the evidence and determined by the Trial Court on the trial on the merits if the Government contends that it was not a capital expenditure.

■ It is well settled in our federal system of taxation that the income tax statutes do not permit a taxpayer to report income or deductions at will in any year he may select, but require him to report them in the year in which the income is received or the deductions occurred. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 363, 365, 51 S.Ct. 150, 75 L.Ed. 383; Greenwood Packing Plant v. Commissioner, 4 Cir., 131 F.2d 787, 789. Any such item incorrectly reported as a matter of law can later, subject to applicable statutes of limitation, be corrected by the Commissioner or the taxpayer. Such corrections are reflected by deficiency assessments and claims for refunds, which are statutory remedies for the correction of such errors. A deduction incorrectly taken in one year will be corrected by eliminating it for the year in which taken and allowing it as a deduction for the year in which it should have been taken. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420. A deduction incorrectly taken by the taxpayer as a business expense instead of a capital expenditure will be disallowed if challenged by the Government. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Safety Tube Corp. v. Commissioner, 6 Cir., 168 F.2d 787, 789; New Pittsburgh Coal Co. v. United States, supra; Brand v. Commissioner, 6 Cir., 209 F.2d 255, certiorari denied 347 U.S. 968, 74 S.Ct. 777, 98 L.Ed. 1110, rehearing denied 347 U.S. 1022, 74 S.Ct. 863, 98 L.Ed. 1142; Commissioner of Internal Revenue v. H. E. Harman Coal Corp., 4 Cir., 200 F.2d 415, 418. Such corrections can be made in later years, notwithstanding the fact that offsetting corrections in earlier returns may be barred by the Statute of Limitations. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46; American Light & Traction Co. v. Harrison, 7 Cir., 142 F.2d 639, 641, 154 A.L.R. 1042; Lyeth v. Hoey, 2 Cir., 112 F.2d 4, 4 A.L.R. 830. Cf. Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 302, 67 S.Ct. 271, 91 L.Ed. 296; Louis Werner Saw Mill Co.

v. Helvering, 68 App.D.C. 267, 96 F.2d 539, 543; Clifton Mfg. Co. v. Commissioner, 4 Cir., 137 F.2d 290, 293, 150 A. L.R. 749.

■ The Government, apparently recognizing the effect of these well settled principles, seeks to avoid them by injecting into the picture additional allegations of fact which would enable it to take advantage of the principle of estoppel. The use of estoppel and related doctrines founded upon general equitable considerations has been approved in numerous cases where the bar of the statute of limitations would work a hardship or inequity upon the taxpayer or the Government, depending upon the circumstances. R. H. Stearns Co. v. United States, 291 U.S. 54, 61, 54 S.Ct. 325, 78 L.Ed. 647; Bull v. United States, 295 U.S. 247, 55 S. Ct. 695, 79 L.Ed. 1421; Dixie Margarine Co. v. Commissioner, 6 Cir., 115 F.2d 445; Commissioner of Internal Revenue v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320, 325; Robinson v. Commissioner, 6 Cir., 100 F.2d 847, 849, certiorari denied 308 U.S. 567, 60 S.Ct. 81, 84 L.Ed. 476. But the Courts have also come to realize that a statute of limitations is an almost indispensible element of fairness as well as of practical administration of an income tax policy and the use of such doctrines to avoid the statute is being limited to certain clearly defined factual situations. Rothensies v. Electric Storage Battery Co., supra, 329 U.S. 296, 301–302, 67 S.Ct. 271, 91 L.Ed. 296; Ross v. Commissioner, 1 Cir., 169 F 2d 483, 493–496, 7 A.L.R.2d 719; American Light & Traction Co. v. Harrison, supra, 7 Cir., 142 F.2d 639, 643; Tide Water Oil Co. v. Commissioner, 29 B.T.A. 1208, 1221, 1224; Sugar Creek Coal & Mining Co. v. Commissioner, 31 B.T.A. 344, 346–348.

There is some indication of approval by this Court in Commissioner v. Liberty Bank & Trust Co., supra, and Robinson v. Commissioner, supra, of the doctrine that a taxpayer must be consistent in his treatment of transactions which affect his tax liability and will not be permitted to take a certain position in one year from which he will receive a tax benefit in that year and change his position in a later year to avoid a tax liability in that year. The rule has received approval in some decisions. Comar Oil Co. v. Helvering, 8 Cir., 107 F.2d 709, 711; Orange Securities Corp. v. Commissioner, 5 Cir., 131 F.2d 662, 663; Johnson v. Commissioner, 5 Cir., 162 F.2d 844, 846; Robinson v. Commissioner, 5 Cir., 181 F.2d 17, 18; Raleigh v. United States, 5 F.Supp. 622, 627, 78 Ct.Cl. 653. Such a rule no doubt applies in cases of election where the taxpayer is authorized under the statute to treat a transaction in either of two ways and is bound by his election. It is probably applicable in cases where the factual situation is such as to justify the taxpayer in taking either of two possible positions, which is probably the basis for the ruling in Commissioner v. Liberty Bank & Trust Co., supra. But when the error is one of law arising out of a definite factual situation, the weight of authority rejects such a doctrine in the absence of all the factors necessary to constitute an estoppel. Commissioner of Internal Revenue v. Mellon, 3 Cir., 184 F.2d 157, 159–160, and cases cited in footnote 6 on page 159. The rule and the two earlier cases in this Court were referred to in the later case of Joyce v. Gentsch, 6 Cir., 141 F.2d 891, 896, wherein this Court declined to apply the rule. Discussion with disapproval of the rule may be found in Ross v. Commissioner, supra, 1 Cir., 169 F.2d 483, 492–496, in opinion by Justice Frankfurter, and Bennet v. Helvering, 2 Cir., 137 F.2d 537, 538–539, 149 A.L.R. 1146. See also: Steiden Stores v. Glenn, D.C.W.D.Ky., 94 F.Supp. 712, 721.

■ As pointed out by this Court in Robinson v. Commissioner, supra, in order for the doctrine of estoppel to be applicable the taxpayer by his conduct must knowingly make a representation or conceal a material fact which he intends or expects will be acted upon by taxing officials in determining his tax, and the true or concealed material facts are unknown to the taxing officials or they lack equal means of knowledge with the tax-

payer, and act on his representation or concealment, and to retrace their steps on a different state of facts would cause loss of taxes to the Government. A material factor is the availability of the necessary facts to the parties involved. The rule is well discussed with citations of applicable authorities in Joyce v. Gentsch, 6 Cir., 141 F.2d 891. See Mertens, Law of Federal Income Taxation, Vol. 10A, 1. Sec. 60.02. Estoppel is an affirmative defense and the burden of proof is on the person asserting it. Helvering v. Brooklyn City R. Co., 2 Cir., 72 F.2d 274, 275.

■ The factors necessary to constitute estoppel are not present in this case. There was no misrepresentation of any fact by the taxpayer. The expenditure involved was actually made. The Commissioner knew that it was for automobile tooling. The Commissioner audited the 1939 return, making material changes. Joyce v. Gentsch, supra, 6 Cir., 141 F.2d 891, 896–897; Helvering v. Brooklyn City R. Co., supra, 2 Cir., 72 F.2d 274, 275; Helvering v. Schine Chain Theatres, 2 Cir., 121 F.2d 948, 950; Helvering v. Williams, 8 Cir., 97 F.2d 810, 812. Under the facts which were known to the Commissioner, or were readily available to him, it was a question of law whether the deduction was properly taken in 1939 or should have been treated as a capital expenditure. A mutual mistake of law on the part of the taxpayer and the Commissioner in treating it as a cost of manufacturing does not create an estoppel. Commissioner of Internal Revenue v. American Light & Traction Co., 7 Cir., 125 F.2d 365, 366; Ross v. Commissioner, supra, 1 Cir., 169 F.2d 483, 496; Sugar Creek Coal & Mining Co. v. Commissioner, supra, 31 B.T.A. 344, 348; Mertens, Law of Federal Income Taxation, Vol. 10A, Sec. 60.03(6). This conclusion is not affected by the additional fact that an offsetting correction in a prior year is barred by a statute of limitations. Joyce v. Gentsch, supra, 6 Cir., 141 F.2d 891; Helvering v. Schine Chain Theatres, supra, 2 Cir., 121 F.2d 948; Helvering v. Williams, supra, 8 Cir., 97 F.2d 810; Commissioner of Internal Revenue v. Mellon, supra, 3 Cir., 184 F.2d 157; American Light & Traction Co. v. Harrison, supra, 7 Cir., 142 F.2d 639; Louis Werner Saw Mill Co. v. Helvering, supra, 68 App.D.C. 267, 96 F.2d 539; Clifton Mfg. Co. v. Commissioner, supra, 4 Cir., 137 F.2d 290, 150 A.L.R. 749.

■ In any event, the Government will suffer no loss or damage if the tooling expense is treated as a capital expenditure, even though it would now be barred from making a deficiency assessment for 1939. The effect of the error in the 1939 return can be corrected by an adjustment made under the provisions of Section 3801(b) (2) and (c), Title 26, U.S.Code. Gooch Milling & Elevator Co. v. United States, 78 F.Supp. 94, 111 Ct. Cl. 576; Greenwood Packing Plant v. Commissioner, 4 Cir., 131 F.2d 787, 790; Mertens, Law of Federal Income Taxation, Vol. 2, Secs. 14.01, 14.06. Cf. First National Bank of Philadelphia v. Commissioner, 3 Cir., 205 F.2d 82, 85.

Irrespective of the statute, it would seem that the Government would be permitted to "collect" the increased tax for 1939 under the doctrine of recoupment as pronounced by the Supreme Court in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. Cf. Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296; Pond's Extract Co. v. United States, Ct.Cl., 134 F.Supp. 476, 479–480.

The judgment of the District Court is reversed and the case remanded for further proceedings consistent with the views expressed herein.