KENOSHA AUTO TRANSPORT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53775. Filed May 23, 1957.

422

*Maurice Weinstein, Esq.*, for the petitioner.
*John E. Owens, Esq.*, for the respondent.

FISHER, *Judge:* Respondent determined deficiencies in petitioner's income taxes as follows:

| Year | Deficiency |
|------|------------|
| 1948 | $55,964.82 |
| 1949 | 7,095.32 |

The petitioner concedes that of the amount of $237,650.07 deducted as loss and damage expense in 1948, upon the basis of additions to an "Insurance Reserve for Loss or Damage," $110,734.28 was properly disallowed by the Commissioner.

The petitioner concedes the correctness of the Commissioner's determination insofar as the taxable year 1949 is concerned.

The question presented is whether petitioner is entitled to deduct as loss and damage expense in the year 1948, any amount in excess of $84,921.50, the amount which the Commissioner determined is allowable.

FINDINGS OF FACT.

Some of the facts herein have been stipulated and are incorporated by this reference.

The petitioner is an interstate common carrier engaged principally in transporting motor vehicles from the place of manufacture to dealers or other destinations as specified. In transporting some of these vehicles, a certain amount of the cargo is damaged and petitioner becomes liable for such damage. The petitioner kept books and reported its income on an accrual basis for the calendar years ending December 31, 1946, 1947, 1948, and 1949.

Sometime during the calendar taxable year 1946, petitioner set up a reserve account entitled "Insurance Reserve for Loss or Damage" to cover anticipated losses for damage claims. The amounts credited to said reserve were based on estimates, and as of December 31, 1946, there was a credit balance in the reserve account of $15,000. This $15,000 was included in the deductions claimed by the petitioner on its income tax return filed for the taxable year 1946.

During the year 1947, petitioner estimated it would become liable for damages in the sum of $59,946.60, and this amount was credited to the reserve account, and charged to expense and claimed as a deduction on petitioner's income tax return for the taxable year 1947. During the year 1947, the actual losses paid ($68,567.16) on claims on account

of damage to cargo resulting from the operation of the business were charged to this account and amounts collected by petitioner during said year on account of damage claims ($35,614.85) were credited thereto. As a result, on December 31, 1947, there was a credit balance in the reserve account of $41,994.29 (representing the December 31, 1946, credit balance in the account of $15,000 plus the $26,994.29 excess of credits over charges in 1947).

During the taxable year 1948, the petitioner estimated that it would become liable for damages in the amount of $237,650.07, and this amount was credited to the said reserve account in addition to the aforesaid balance already existing therein, and was also charged to expense and claimed as a deduction on petitioner's income tax return for the taxable year 1948. During the year 1948, the actual losses paid by petitioner ($204,745.79) were charged to the reserve and amounts collected by petitioner during said year on account of damage claims ($77,830) were credited thereto. The actual net losses incurred in 1948 were $126,915.79.

On December 31, 1948, there was a credit balance in the reserve account of $152,728.57 (representing the aforesaid December 31, 1947, balance of $41,994.29 plus an excess of credits over charges to said account for 1948 in the amount of $110,734.28).

Upon the books of the petitioner the account entitled "Insurance Reserve for Loss or Damage" appears as follows:

| | | |
|---|---:|---:|
| Dec. 31, 1946, credit balance in reserve | | $15,000.00 |
| 1947 accrual | $59,946.60 | |
| 1947 claims collected | 34,614.85 | |
| 1947 additional credit | 1,000.00 | |
| | 95,561.45 | |
| Less: | | |
| 1947 claims paid | $65,067.16 | |
| 1947 additional cargo | 3,500.00 | |
| | 68,567.16 | |
| 1947 addition to reserve (net) | | 26,994.29 |
| Credit balance, Dec. 31, 1947 | | 41,994.29 |
| 1948 accrual | 237,650.07 | |
| 1948 claims collected | 77,830.00 | |
| | 315,480.07 | |
| 1948 claims paid | 204,745.79 | |
| 1948 additions to reserve (net) | | 110,734.28 |
| Credit balance, Dec. 31, 1948 | | 152,728.57 |

In January 1952, a revenue agent examined the books of the petitioner while auditing the petitioner's income tax returns for the

taxable years 1948 and 1949 and became aware of the reserve account and the taxpayer's method of claiming deductions for loss and damage claims. The taxpayer's income tax returns for the taxable years 1946 and 1947 were not examined by, or investigated by, the Internal Revenue Service, and the Internal Revenue Service first became aware of the taxpayer's method of handling loss and damage claims as a result of the examination in 1952. The statute of limitations bars the assessment and collection of deficiencies in tax for the years 1946 and 1947.

The respondent disallowed the entire net addition to the reserve for 1948 of $110,734.28 and further determined that the allowable expense deduction for loss and damage actually paid in 1948 should be reduced by $41,994.29. The statutory notice covering the taxable year 1948 used the following language:

### STATEMENT

\*     \*     \*     \*     \*     \*     \*

During the taxable years 1946 and 1947 you credited the amounts of $15,000.00 and $26,994.29, respectively, to a reserve account on your books and in computing the taxable income reported on your returns for said taxable years, deducted as loss and damage expense the amounts thus credited to the reserve. It is held that under the provisions of section 23 of the Internal Revenue Code your allowable deduction for loss and damage expense for 1948 is limited to the excess of such expense actually paid during that taxable year over $41,994.29, the amount of the credit balance in the reserve account at January 1, 1948.

\*     \*     \*     \*     \*     \*     \*

Adjustments to net income:

\*     \*     \*     \*     \*     \*     \*

Unallowable deductions and additional income:

(a) Portion of deduction and/or loss and damage claims disallowed, $41,994.29.

(b) Addition to reserve for loss and damage claims, $110,734.28.

### OPINION.

The question presented is whether part of an amount admittedly incurred as cargo losses and damages in the year 1948 should be disallowed as a deduction in 1948 because such part was improperly deducted as anticipated losses in prior years now barred by the statute of limitations.

It is undisputed that petitioner incurred net losses of $126,915.79 in 1948 from cargo loss and damage. It is our view that a deduction should be allowed in the full amount of the losses incurred in the year in question even though, as conceded by petitioner, erroneous deductions were taken for part of such amount in prior years.

In *Crosley Corporation* v. *United States*, 229 F. 2d 376 (C. A. 6, 1956), the court said, in part (p. 379) :

Any such item incorrectly reported as a matter of law can later, subject to applicable statutes of limitation, be corrected by the Commissioner or the taxpayer. * * * Such corrections can be made in later years, notwithstanding the fact that offsetting corrections in earlier years may be barred by the Statute of Limitations. * * *

In *Commissioner* v. *Mnookin's Estate*, 184 F. 2d 89 (C. A. 8, 1950). affirming 12 T. C. 744, the court said, in part (p. 92) :

The courts hold that neither income nor deductions may be taken out of the proper accounting period for the benefit of the Government or the taxpayer.

We follow the views expressed in *Crosley* and *Mnookin's Estate*, both *supra*. Those views appear both reasonable and necessary if we are to recognize the principle of the annual accounting period and the purpose of statutes of limitations. Our jurisdiction attaches only to the year before us (in this case, 1948) and the question before us is solely the propriety or impropriety of a deduction taken in that year. There is no basis for departure from these fundamental principles on so-called equitable grounds. No factor of estoppel is presented. Moreover, as indicated *infra*, it appears that respondent has an adequate remedy under section 1311, *et seq.*, of the Internal Revenue Code of 1954.

Respondent urges *Comar Oil Co.* v. *Helvering*, 107 F. 2d 709 (C. A. 8, 1939), in support of a contrary view. We think that, without repetition here, it is apparent from the full discussion of *Comar* and like cases in *Crosley*, *supra*, at 380, that *Comar* is not to be applied in the case before us. See also *Mnookin's Estate*, *supra*, which was decided by the Eighth Circuit subsequent to its decision in *Comar*.

*Waldheim Realty & Insurance Co.*, 25 T. C. 1216 (1956), on appeal (C. A. 8), is distinguishable on its facts. While we held in that case that the cost (prepaid premiums) of insurance coverage extending over a period of more than 1 year is ordinarily to be prorated over the period of coverage, the petitioner, having exhausted its basis in a prior year, had nothing left to deduct in the year before the Court.

While the issue is not before us in this proceeding, it appears that, as to the $41,994.29 which petitioner improperly deducted in prior years, respondent has a remedy to adjust the mistake. Under section 1311, *et seq.*, of the Internal Revenue Code of 1954, our conclusion that the full amount of cargo loss and damage ($126,915.79) incurred in 1948 is deductible in that year although it includes $41,994.29 which was improperly deducted in prior years, is tantamount to holding that petitioner in this case maintains a position which is inconsistent with the erroneous allowance of the $41,994.29 as a deduction in prior years. Sec. 1311(b) (1) (B). As a result of our determination, the deduction

of the $41,994.29 item is allowed twice. Sec. 1312(2). We, of course, cannot invoke the provisions of section 1311, *et seq.*, of the 1954 Code in the instant proceeding not only because the issue is not before us, but also because our determination with respect to the year 1948 must become final before section 1311, *et seq.*, will become applicable. Sec. 1313(a) (1). However, when our decision does become final, it appears that respondent will be in a position to take the further steps set forth in section 1311, *et seq.*, to protect his interests. See *Wiener Machinery Co.*, 16 T. C. 48.

*Decision will be entered under Rule 50.*