**SPECIALIZED SYSTEMS, INC.**

v.

**UNITED STATES of America.**

No. 3:91–0808.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 1, 1992.

Isham Beasley Bradley, Taylor, Philbin, Pigue, Marchetti & Long, Nashville, Tenn., for plaintiff.

Josh Eagle, Dept. of Justice, Washington, D.C., Ernest Wilson Williams, Office of U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court in the above styled action are the parties' cross motions for summary judgment. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

## I. BACKGROUND

The facts pertinent to the summary judgment motions are not in dispute. At all times relevant to this action, Specialized Systems, Inc. (Specialized), the plaintiff, and Expressco, Inc. (Expressco) were trucking companies owned and managed by Wayne Wise. Under I.R.C. § 4481(b), a trucking company in whose name a "heavy vehicle" is registered under state law must pay a heavy vehicle use tax. Accordingly, Specialized filed a Form 2290, Heavy Vehicle Use Tax Return for the taxable periods in the taxable amounts as follows:

| | |
|---|---|
| July 1, 1986 | $42,350.00 |
| October 1, 1986 | $ 4,125.00 |
| July 1, 1987 | $64,350.00 |
| March 1, 1988 | $ 1,833.00 |

Later, Specialized determined that it filed these returns and paid these taxes in error. Specialized had paid the taxes on vehicles of which it was the owner or primary lessee, but not the registrant under state law. Thus, it filed this lawsuit seeking a refund of the erroneously paid taxes. Before the lawsuit was filed, however, Expressco filed a bankruptcy petition.

Specialized asserts that it erroneously paid the tax and is therefore entitled to summary judgment. The Government concedes that Specialized paid the taxes erroneously, but argues that since Specialized made a representation upon which the Government relied to its detriment, Specialized is estopped from recovering a refund of the erroneously paid taxes. Thus, the Government assert that it is entitled to summary judgment.

## II. ANALYSIS

Summary judgment shall be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Since the parties do not dispute any material facts, the Court renders judgment in this case as a matter of law.

The applicability of equitable estoppel to tax refund cases appears to arise only rarely. Nevertheless, the Sixth Circuit Court of Appeals has held that:

*Equitable estoppel applies in tax cases when* the following correlative facts are present: *the taxpayer,* by his conduct, which includes language, acts or silence, knowingly *makes a representation* or conceals material facts *which he intends or expects will be acted upon by taxing*

*officials,* or they lack equal means of knowledge with the taxpayer, *and act on his representation* or concealment *and to retrace their steps on a different state of facts would cause the loss of taxes to the Government.* A weighty factor in determining the application of the principle is the availability of the necessary facts to the parties involved. *Robinson v. Commissioner,* 100 F.2d 847, 849 (6th Cir.), *cert. denied,* 308 U.S. 567, 60 S.Ct. 81, 84 L.Ed. 476 (1939) (emphasis added).[1] In an earlier decision that held similarly, the Sixth Circuit stated that "[t]he Commissioner of necessity does and must rely largely on the representations of the taxpayer.... [and i]t is the duty of the taxpayer to deal fairly and truthfully with the government." *Commissioner v. Liberty Bank & Trust Co.,* 59 F.2d 320, 325 (6th Cir.1932). More recently, courts in the Sixth Circuit and elsewhere also have held that equitable estoppel applies to taxpayers in tax refund cases. *See Elbo Coals, Inc. v. United States,* 763 F.2d 818, 821 (6th Cir.1985); *Stair v. United States,* 516 F.2d 560, 564–65 (2d Cir.1975); *Crosley v. United States,* 229 F.2d 376, 380–81 (6th Cir. 1956) (using language substantially similar to *Robinson* ).[2] In addition, the Supreme Court has noted, in a federal cause of action context, that while a hallmark of estoppel is its flexibility, "certain principles are tolerably clear." *Heckler v. Community Health Services of Crawford,* 467 U.S. 51, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984). The Court in *Heckler* went on to quote the Restatement (Second) of Torts, which states:

If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled ... to regain prop-

---

**1.** The Court does not construe the word "knowingly" in the *Robinson* decision to require any fraudulent intent. This view is consistent with the definition of estoppel in the Restatement (Second) of Torts, cited below, as well as its definition in the Restatement (Second) of Agency § 8B (1958) in 3 J. Pomeroy, Equity Jurisprudence § 805, p. 192 (S. Symons ed. 1941), and in 15 Jacob Mertens, Jr., The Law of Federal In-

come Taxation § 60.03 (1992). *Cf. Crosley Corp. v. United States,* 229 F.2d 376, 381 (6th Cir.1956) (innocent mistake of *law* does not create estoppel when there was no misrepresentation of fact).

**2.** *See generally, id.*

erty or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired.

Restatement (Second) of Torts § 894(1) (1979).

In the instant case, Specialized Systems filed several Form 2290s that mistakenly represented itself to be the taxable party, when in fact Expressco, as the registrant under state law, was the party liable for the tax. The Government relied on this representation and has subsequently lost the opportunity to obtain a secured claim against Expressco in bankruptcy.[3] As an unsecured creditor, its chances for recovery of its entire claim against Expressco are minute. Therefore, the Government relied upon Specialized's representations to its detriment.

## III. CONCLUSION

For the reasons stated above, the Court finds that the plaintiff is estopped from seeking a refund of the taxes it mistakenly paid. Thus, the Court GRANTS summary judgment to the United States. An order consistent with the reasoning and results stated above will be entered contemporaneously with this memorandum.

---

**3.** For example, if Expressco had filed the Form 2290s for the trucks that were registered under its name and not paid the tax, the Internal Revenue Service could have filed a notice of a federal tax lien, pursuant to I.R.C. § 6321–23, before Expressco filed for bankruptcy protection. Since the IRS did not file such a notice before bankruptcy, any attempt to obtain a lien after the filing would be invalid against bona fide purchasers, and thus avoidable by the bankruptcy trustee. *See* 4 Collier on Bankruptcy § 545.04[3] (15th ed. 1992). Absent a valid tax lien, the IRS would only hold a position of an unsecured creditor.